**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **STEFANNIE DYSON (#2021-0105078),** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Case No. 23 C 2521** |
| ) | |
| **CIRCUIT COURT OF COOK COUNTY,** ) | |
| ) | |
| **Respondent.** ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Stefannie Dyson, who is detained at the Cook County Jail, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241 asserting claims arising from her ongoing criminal prosecution in state court. *See People v. Dyson*, No. 19 CR 16678 (Cir. Ct. of Cook Cnty.).[1] Dyson is charged with four counts of child abduction; her case is at the pretrial stage. *See* Dkt. 10-1, p. 1. In her habeas corpus petition, Dyson asserts four claims: (1) wrongful denial of bail; (2) violation of her speedy trial rights; (3) violation of the prohibition against double jeopardy; and (4) denial of due process and the right to a remedy. The Court previously dismissed Dyson's fourth claim. The parties have briefed the three remaining claims.

**1. Exhaustion**

Respondent is correct that Dyson failed to exhaust two of her claims in state

---

[1] The Court has obtained information regarding Dyson's state court case from the Circuit Court of Cook County's online docket website. *See* https://cccportal.cookcountyclerkofcourt.org/CCCPortal. The Court may take judicial notice of this information. *Patrick v. City of Chicago*, 81 F.4th 730, 734 n.2 (7th Cir. 2023)

court. Section 2241 contains no statutory exhaustion requirement, but federal courts require it as a matter of comity. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991).

Regarding Dyson's bail and double jeopardy claims, Illinois law allows a defendant to take an immediate appeal to the Illinois Appellate Court after the entry of a contested bail or double jeopardy pretrial order. *See* Ill. S. Ct. R. 604(c); *People v. Morrow*, 256 Ill. App. 3d 892, 902, 628 N.E.2d 550, 557 (1993)) (bail); Ill. S. Ct. R. 604(f); *People v. Griffith*, 404 Ill. App. 3d 1072, 1087, 936 N.E.2d 1174, 1187 (2010) (double jeopardy)). To exhaust state court remedies as required before proceeding with a federal habeas corpus petition, Dyson would have to assert the claim before the trial court, appeal to the state appellate court, and bring a petition for leave to appeal (PLA) before the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (exhaustion requires one complete round of review in state court). The state court docket reflects that Dyson has not pursued the required interlocutory appeals on either the bail or double jeopardy issues.[2] Thus, these claims are unexhausted.

The exhaustion requirement for Dyson's speedy trial claim is slightly different. To exhaust that claim, Dyson need only make the demand before the state court; there is no need for a full round of state court appeals. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973) ("repeated demands" for a speedy trial were sufficient to

---

[2] The state court docket shows that Dyson filed an appeal on May 9, 2023, and it was assigned the case number 1-23-0904 by the state appellate court on May 19, 2023. The Office of the State Appellate Defender was appointed to represent Dyson on appeal, and the appellate court granted appellate counsel's motion to voluntarily dismiss the appeal on July 11, 2023. The dismissal of the appeal was filed with the state trial court on August 31, 2023. The state trial court docket reflects no other appeals.

2

exhaust claim for purposes of section 2241 proceeding); *United States v. Castor*, 937 F.2d 293 297 (7th Cir. 1991). Dyson made a "demand for final disposition or trial" on August 22, 2023 in the state court. Her speedy trial claim therefore has been exhausted in state court, albeit after she filed the present habeas corpus petition.

But even though Dyson's bail and double jeopardy claims are unexhausted, the Court sees no reason to dismiss this case without prejudice to have her exhaust these claims in state court, as the claims lack merit. The Court therefore proceeds to address the merits of all three claims.

**2.     Bail claim**

Dyson alleges a violation of her constitutional right to bail because she has been detained without bail pending trial. The state court case was commenced on December 9, 2019, and she was initially placed on bail on a $10,000 "I Bond"—in other words, a personal recognizance bond. She remained out on bond for over a year.

On January 5, 2021, Dyson was charged with being a fugitive from justice, and she was returned to custody at the Cook County Jail. *People v. Dyson*, No. 21110209701 (Cir. Ct. of Cook Cnty.). This prosecution arose from 2018 charges filed against Dyson in Wisconsin for theft / false representation and identity theft. The Illinois fugitive from justice charges were dismissed via *nolle prosequi* on March 3, 2021. But Dyson was not released from custody, as an extradition warrant from the Governor of Wisconsin on the 2018 charges was pending, and Illinois honored the warrant. *See Dyson v. Dart*, No. 22 C 2765 (N.D. Ill.), Dkt. 1, pp. 11-20. Dyson's bail was also revoked the state court prosecution that is at issue in the present habeas corpus proceeding, and the docket in that case noted her custody on the Wisconsin governor's

3

warrant.

Dyson filed a separate 28 U.S.C. § 2241 habeas corpus petition challenging the extradition warrant. Another judge in this District denied that petition in August 2022. *See Dyson v. Dart*, No. 22 C 2765, Dkt. 12.

Dyson filed the present habeas corpus petition in April 2023, noting that she had been in custody since January 2021, and arguing that her "substantive right to bail by sufficient sureties has been violated." Dkt. 1, p. 5. Following initial briefing, Dyson reported that her request for release on bail had been granted by the state court on July 13, 2023. She was not released from custody, however, due to the Wisconsin warrant. Dyson contended that the state court had been disingenuous in the past by previously granting and then revoking bail, and she contended that she would face similar treatment in the future. The Court, noting Dyson's argument, along with the fact that she was still in custody on the Wisconsin warrant, ordered supplemental briefing on whether the Court had jurisdiction over her claim regarding denial of bail. The Court concludes it has jurisdiction, as Dyson is actually in custody, and bail is also considered a form of custody for habeas corpus purposes. *See, e.g., Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004).

Dyson contends that she cannot be held on the Wisconsin warrant because the time to extradite her has expired. This claim is not properly before this Court in this case. A section 2241 litigant is barred from relitigating, in a new case, claims from a prior habeas corpus petition, under the so-called "abuse of the writ" doctrine. *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Because Dyson's claim regarding the Wisconsin warrant was addressed in Case No. 22 C 2765 case, she

4

cannot assert that claim again here. Thus Dyson cannot challenge the validity of her custody at the Cook County Jail arising from the Wisconsin governor's warrant. Rather, she may challenge only her "custody" that consists of being on bail on her Illinois child abduction case. (That aside, Dyson's argument regarding the Wisconsin warrant is incorrect. Under Illinois law, extradition may be deferred until any Illinois charges are resolved. *See* 725 ILCS 225/19 (Illinois governor may defer extradition until Illinois prosecution is complete).)

Respondent counters that Dyson's bail claim is moot because she has been admitted to bail in the child abduction case, and it is the Wisconsin warrant that is causing her to remain in custody at the Jail. A habeas corpus case is moot when the Court cannot order any effective relief for the petitioner. *A.M. v. Butler*, 360 F.3d 787, 789 (7th Cir. 2004). Dyson's requested relief is to be freed from the Cook County Jail. It is true that the state court lists her as "on bail" in her child abduction case, but that clerical notation is likely irrelevant to her. It is the restraint on her liberty of being detained at the Jail that she is challenging. This is a live controversy.

The underlying merits challenge, however, is easily resolved. Contrary to Dyson's contention, there is no *per se* right to release on bail under the Eighth Amendment's prohibition of excessive bail. *See Mitchell v. Doherty*, 37 F.4th 1277, 1287 (7th Cir. 2022). Excessiveness of bail may occur either in the monetary payment required for bail, *see United States ex rel. Garcia v. O'Grady*, 812 F.2d 347, 354 (7th Cir. 1987), or in the conditions imposed for release on bail. *See Bolante v. Keisler*, 506 F.3d 618, 619 (7th Cir. 2007). Dyson does not raise a challenge on either of these points, and there is nothing in the record to suggest that she could assert a viable claim.

5

Instead, she is arguing—incorrectly—that she has a *per se* right to release. She does not. And as indicated, Dyson is in custody due to her Wisconsin warrant, and that fact cannot be relitigated in the present case. Thus she is not entitled to relief in this case under the Eighth Amendment. The Court therefore denies claim one.

### 3.    Speedy trial claim

Dyson asserts a violation of her right to a speedy trial on the basis that her case has been pending in the state court since December 2021. She notes that Illinois's Speedy Trial Act has a set time limit for bringing a defendant to trial. *See* 725 ILCS 5/103-5(a) (requiring trial within 120 days for defendant in custody). But a violation of the Illinois Speedy Trial statute involves denial of a state-law right and as such is non-cognizable via a federal habeas corpus petition. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Taking Dyson's claim as a claim under Constitution's speedy trial guarantee, it lacks merit. A Sixth Amendment speedy trial claim is evaluated by considering four factors: (1) the length of the delay; (2) the reason for the delay; (3) the petitioner's assertion of her speedy trial right; and (4) prejudice to the petitioner. *See Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015). The first factor, length of delay, acts as a triggering mechanism. *Ashburn v. Korte*, 761 F.3d 741, 752 (7th Cir. 2014). A delay of more than one year is presumed to be prejudicial, requiring a court to consider the remaining three factors. *Id*. Here, the delay is over a year, so the Court considers the remaining factors.

A review of the state court docket shows that the remaining factors all weigh

6

against finding a speedy trial violation. Dyson only recently invoked her right to a speedy trial, on August 22, 2023. She agreed to earlier continuances in the case, and the case was legitimately delayed due to the need for a mental health examination (after which she was found fit to stand trial) and due to the COVID-19 pandemic. *See Barker*, 407 U.S. at 536 (explaining no speedy trial violation when the defendant failed to object to continuances and the record did not "strongly indicate[]" that the defendant wanted a speedy trial."). Dyson cannot demonstrate a constitutional speedy trial violation. The Court therefore denies claim two.

**4.      Double jeopardy claim**

Dyson's final claim invokes the Fifth Amendment's prohibition against double jeopardy. She references a prior prosecution in Minnesota. But an earlier Minnesota case does not give rise to a double jeopardy violation in an Illinois case, as the two prosecutions were initiated by different jurisdictions. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985) ("The dual sovereignty doctrine, as originally articulated and consistently applied by this Court, compels the conclusion that successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause. The Court therefore denies claim three.

**5.      Certificate of appealability**

The Court declines to issue a certificate of appealability under 28 U.S.C. § 2253(e)(2). Dyson has not made a substantial showing of a denial of a constitutional right. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983). *See also Evans v. Cir. Ct. of Cook Cnty.*, 569 F.3d 655, 666 (7th Cir. 2009)

7

(certificate of appealability is required for appeal from denial of habeas corpus petition brought under 28 U.S.C. § 2241).

Dson is advised that this is a final decision ending her case in this Court.  If Dyson wishes to appeal, she must file a notice of appeal with this Court within thirty days of the entry of judgment.  *See* Fed. R. App. P. 4(a)(1).

## Conclusion

The Clerk is directed to enter judgment as follows:  Petitioner's petition for habeas corpus is denied.  Petitioner's motions for extension of time [26] [31] and any other pending motions are denied as moot.  The Court declines to issue a certificate of appealability.

Dated: 12/18/2023

_____
MATTHEW F. KENNELLY
United States District Judge